UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| LISA CROWE,        )<br>    Plaintiff            )<br>v.                         )<br>                              )<br>TRUSTGARD INSURANCE COMPANY,  )<br>    Defendant          ) | CIVIL ACTION NO. 5:12-240-KKC<br>CIVIL ACTION NO. 5:12-312-KKC<br><br>**MEMORANDUM, OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Motion to Bifurcate Trial and to Hold Discovery of Bad Faith and Consumer Protection Issues in Abeyance filed by Trustgard Insurance Company. (DE 7.) For the reasons below, the Court will grant Trustgard's Motion.

**I.  Background**

This action stems from two claims for insurance benefits made by Lisa Crowe under the homeowner policy issued to her by Trustgard. Crowe's first claim was for $1,115,292.64 after her residence in Montgomery County, Kentucky, was destroyed by fire on June 29, 2011. Her second claim was for $31,550.00 based on a theft she alleged occurred on her property on August 10, 2011. Trustgard denied both of these claims, and this litigation followed. Crowe filed this suit against Trustgard based on four claims: (1) Crowe's policy issued by Trustgard covered her loss from the fire; (2) Crowe's policy issued by Trustgard covered her loss from the theft; (3) Trustgard's denials of coverage were breaches of obligations and bad faith; and (4) Trustgard violated the Consumer Protection Act by claiming to cover fire losses but not actually doing so. (DE 1-1.) Crowe's suit was later removed to this Court. (DE 1.) Trustgard also filed suit, seeking a declaratory judgment that Trustgard is not required to provide insurance proceeds or an appraisal to Crowe. (*See Trustgard Ins. Co. v. Crowe*, No. 5:12-CV-312-KKC (E.D. Ky. filed Oct, 5, 2012).) The Court subsequently consolidated these cases. (DE 29.) Trustgard has

1

moved to bifurcate the trial and stay discovery on the bad faith and consumer protection claims until after the coverage claims can be resolved.  During the pendency of Trustgard's motion to bifurcate and stay discovery, Crowe has filed motions related to discovery disputes: Motion for Extension of Time for Rule 26(f) Meeting (DE 11), Motion to Refer to Magistrate (DE 12), Motion to Allow Discovery Prior to Rule 26(f) Meeting (DE 13), and Renewed Motion to Refer to Magistrate (DE 31).   In the midst of this, the case was reassigned from Judge Coffman to this Court.  (DE 21.)

## II. Analysis

Bifurcation is proper here because separating the claims of insurance coverage from bad faith and consumer protection serves to promote convenience, avoid prejudice, and prevent juror confusion.  See Fed. R. Civ. P. 42(b); *see also Wilson v. Morgan,* 477 F.3d 326, 339 (6th Cir. 2007); *see also Martin v. Heideman,* 106 F.3d 1308, 1311 (6th Cir. 1997).   The decision to try issues or claims separately is discretionary.  *Bath & Body Works, Inc. v. Luzier Personalized Cosmetics, Inc.,* 76 F.3d 743, 747 (6th Cir. 1996).  Federal courts in Kentucky have consistently employed bifurcation to separate insurance coverage disputes from first-party bad faith claims. *See, e.g. Hardy Oil Co., Inc. v. Nationwide Agribusiness Ins. Co.,* No. 11-75-JBC, 2011 WL 6056599, *1 (E.D. Ky. Dec. 6, 2011)("Bifurcation serves to avoid prejudice to the parties by eliminating potentially unnecessary and cumbersome discovery," by narrowing "other claims, thus reducing the time and money parties will need to expend to litigate them," and by "prevent[ing] confusion to the jury by simplifying the issues."); *Bruckner v. Sentinel Ins. Co., LTD*, No. 09-195-JBC, 2011 WL 589911, *2 (E.D. Ky. Feb. 10, 2011)("Given that Bruckner's bad faith claim depends on her ability to succeed on her breach of contract claim, bifurcation would best serve the interests of judicial economy.").

Bifurcation would serve all the goals outlined in Federal Rule of Civil Procedure 42(b). Bifurcation serves the interests of judicial economy and convenience because Crowe's bad faith and consumer protection claims require her breach-of-contract claims to succeed first. Under Kentucky law, a bad faith claim requires showing that "the insurer is obligated to pay the claim under the terms of the policy...." *Wittmer v. Jones,* 864 S.W.2d 885, 890 (Ky. 1993); *see also Davidson v. Am. Freightways, Inc.,* 25 S.W.3d 94, 100 (Ky. 2000) ("Absent a contractual obligation, there simply is no bad faith cause of action, either at common law or by statute."). As a result, Crowe's bad faith and consumer protection claims rest on her ability to demonstrate insurance coverage; therefore, bifurcation best serves the interests of judicial economy and convenience by proceeding with the breach-of-contract claims separately. *See Smith v. Allstate,* 403 F.3d 401, 407 (6th Cir. 2005) (affirming bifurcation where the merits of the bad faith claim depended on resolution of the underlying contract claim).

Additionally, bifurcation would avoid prejudice. Trying all of Crowe's claims together would interject the issue of bad faith into the possibly dispositive dispute of insurance coverage, thus complicating discovery and the trial. *See Pollard v. Wood*, No. 5:05-444-JMH, 2006 WL 782739, at *2 (E.D. Ky. Mar. 27, 2006)(noting that trying liability and bad faith claims together "unnecessarily interjects the issue of insurance coverage into the primary dispute of liability"). Bifurcation would not prejudice Crowe; she will have the opportunity to litigate her bad faith and consumer protection claims if she succeeds on her breach-of-contract claims. By simplifying the issues, bifurcation also helps to prevent juror confusion. *Sanders v. Motorists Mut. Ins. Co.,* No. 08–37–DCR, 2008 WL 4534089, at *3 (E.D. Ky. Oct. 7, 2008) (explaining that presenting a contract issue and bad faith issue to the jury "may unfairly bleed the evidence for one into the evidence for the other"). Given that all factors weigh in favor of bifurcation, the Court, in its

discretion, concludes that bifurcation of the contract claims from the bad faith and consumer protection claims is appropriate.

Similarly, the Court finds that a stay of discovery regarding Crowe's bad faith and consumer protection claims is also appropriate. Like bifurcation, the decision whether to stay discovery until preliminary issues are decided is discretionary. *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003)(citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). In the context of an insurance dispute with contractual and bad faith claims, the Sixth Circuit concluded that it was reasonable for the district court to stay discovery on the bad faith claim "[b]ecause the merits of the bad faith claim depended on whether the limitations provision was valid." *Smith*, 403 F.3d at 407.

Crowe contends there is an overlap of evidence between the contractual and extra-contractual claims. Crowe argues that both the contractual and extra-contractual claims require disclosure of privileged materials because these materials are necessary to defend against Trustgard's claims of fraud and misrepresentation regarding the underlying contractual claims. In support, Crowe cites *Germania Fire Ins. Co. v. Nickell*, 198 S.W. 534 (Ky. 1917), for the contention that Kentucky law provides a defense to claims of fraud or misrepresentation where the insurer had access to information from other sources and was not actually deceived. In *Nickell*, the home of the plaintiff, Dr. Nickell, was destroyed by fire, but his insurer declined to pay his claim alleging, among things, that he was guilty of fraud and false swearing when obtaining the insurance and when presenting proof of loss. *Nickell*, 198 S.W. at 535. In *Nickell*, the alleged fraud and misrepresentation stemmed from an omission on one of the forms submitted by Dr. Nickell; while one form noted a lien on the property, a copy of the form had an empty blank where the lien information should have been entered. *Id.* at 536. The Kentucky

4

Court of Appeals held there was no false swearing because one form actually contained the correct information and any omission was caused by Dr. Nickell's attorneys in preparing the second form. *Id.* The Kentucky Court of Appeals further explained that there could be no false swearing because the insurer had received information about the lien from Dr. Nickell and others before and after the policy was issued. *Id.*

Trustgard asserts that *Nickell* can be distinguished, and the Court agrees. Trustgard notes that unlike in *Nickell* the representations at issue are not from a third party but are Crowe's own statements throughout the investigation. When addressing insurance policies with fraud and misrepresentation provisions, courts focus on the actions of the policyholder – whether he or she intentionally misrepresented a material fact so as to void the policy. *Great Am. Ins. Co. of New York v. Brock Const. Co., Inc*, No. 05-569-KKC, 2007 WL 2844945, *6-7 (E.D. Ky. Sept. 28, 2007)(citing *Home Ins. Co. v. Hardin,* 528 S.W.2d 723, 725 (Ky.1975) and *Baymon v. State Farm Ins. Co.,* 2006 WL 2850262 (W.D. Ky. 2006) (unpublished)). The insurer's outside knowledge of the matters of misrepresented has not changed this analysis or prevented an insurer from successfully voiding a policy. *See, e.g., Liberty Mut. Fire Ins. Co. v. Baker*, No. 05-116 WOB, 2006 WL 3747502 (E.D. Ky. Dec. 18, 2006) (granting summary judgment for the insurer based on the insured's material misrepresentations, which the insurer learned were false through its outside knowledge of the facts). Additionally, under Kentucky law, an insurer is not required to show reliance on these material misrepresentations. *Baymon v. State Farm Ins. Co.,* 257 F. App'x 858, 862 (6th Cir. 2007)(holding that although the insured believed it knew the insured's statements to be false at the time they were given , "[t]he policy was voided due to breach of the terms of the contract, not due to a tort or some other cause of action where detrimental reliance or injury must be demonstrated.") The scope of the discovery for the contractual and extra-

5

contractual claims, therefore, remains distinct. A stay of discovery on Crowe's extra-contractual claims will avoid the prejudice of forcing Trustgard to disclose privileged information. A stay also will promote judicial economy by avoiding discovery that may prove unnecessary depending on the resolution of the underlying contractual claims.

### III. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Trustgard's Motion to Bifurcate Trial and to Hold Discovery of Bad Faith and Consumer Protection Issues in Abeyance (DE 7) is GRANTED;

(2) the parties shall file an amended joint and proposed scheduling order, to supplement the report filed on October 24, 2012 (DE 25) no later than December 27, 2012;

(3) Crowe's Motion for Extension of Time for Rule 26(f) Meeting (DE 11) is DENIED as moot;

(4) Crowe's Motion to Allow Discovery Prior to Rule 26(f) Meeting (DE 13) is DENIED as moot; and

(5) Crowe's Motions to Refer to Magistrate (DE 12, 31) are DENIED as premature. By separate order, the Court will enter a scheduling order which sets all deadlines and case events.

Dated this 13th day of December, 2012.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge