UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| LISA CROWE,<br>    Plaintiff | CIVIL ACTION NO. 5:12-240-KKC |
| v. | **MEMORANDUM OPINION**<br>**AND ORDER** |
| TRUSTGARD INSURANCE COMPANY,<br>    Defendant | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Lisa Crowe's Motion to Dismiss or For a More Definite Statement. (Case No. 5:12-cv-312, DE 5; Case No. 5:12-cv-240, DE 30).[1] Crowe filed her Motion pursuant to Federal Rule of Civil Procedure 12(b)(6) and argues that Trustgard Insurance Company has failed to state a claim upon which relief may be granted. For the reasons stated below, the Court will deny the motion.

**I. Background**

This action stems from two claims for insurance benefits made by Lisa Crowe under the homeowner's policy issued to her by Trustgard. Crowe's first claim was for $1,115,292.64 after her residence in Montgomery County, Kentucky, was destroyed by fire on June 29, 2011. Her second claim was for $31,550.00 based on a theft she alleged occurred on her property on August 10, 2011. Trustgard denied both of these claims, and this litigation followed.

Trustgard seeks a declaratory judgment that Trustgard is not required to provide insurance proceeds or an appraisal to Crowe. Crowe filed suit against Trustgard in state court based on four claims: (1) Crowe's policy issued by Trustgard covered her loss from the fire; (2)

---

[1] For purposes of docket consolidation, the motion to dismiss was terminated and then re-filed in the lead case, No. 5:12-cv-240. Trustgard's response and Crowe's reply, however, were not filed in the lead case, so the case did not appear "submitted," or ripe, in the lead case.

Crowe's policy issued by Trustgard covered her loss from the theft; (3) Trustgard's denials of coverage were breaches of obligations and bad faith; and (4) Trustgard violated the Consumer Protection Act by claiming to cover fire losses but not actually doing so. (Case No. 5:12-cv-240, DE 1-1.) Crowe's suit was later removed to this Court. (Case No. 5:12-cv-240, DE 1). The Court subsequently consolidated these cases. (Case No. 5:12-cv-240, DE 29).

## II. Analysis

Crowe argues that Trustgard has failed to meet the pleading standards set forth under the Federal Rules of Civil Procedure. Rule 8(a)(2) sets forth a liberal pleading standard; it requires only "a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41. 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[T]hreadbare allegations" will not meet the notice-pleading standard of the Federal Rules. *Bondex Int'l, Inc. v. Hartford Acc. & Indem. Co.*, 667 F.3d 669, 681 (6th Cir. 2011). Instead, a pleading must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible "'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *In re Harchar,* 694 F.3d 639, 644 (6th Cir. 2012) (quoting *Iqbal,* 129 S.Ct. at 1949)).

Trustgard's complaint meets the pleading standard as clarified by the Supreme Court, and so dismissal is not warranted. Pursuant to 28 U.S.C. § 2201(a), Trustgard filed a Petition for

Declaration of Rights stating it was excused from performance under the homeowner's insurance policy because the policy was voided by the operation of certain exclusion provisions. (Case No. 5:12-cv-312, DE 1). Declaratory judgments are appropriate for settling controversies between an insurer and its insured. *See, e.g. Aetna Cas. & Sur. Co. v. Sunshine Corp.*, 74 F.3d 685, 687 (6th Cir. 1996). In support of its petition, Trustgard has alleged the existence of a homeowner's insurance contract between Trustgard and Crowe, that Crowe filed insurance claims with Trustgard, that the policy was in effect at the time of the losses claimed by Crowe, and that Trustgard denied these claims after conducting an investigation. (Case No. 5:12-cv-312, DE 1 at ¶¶ 6, 10, 12, 13). Trustgard identified two dated and sworn statements made by Crowe. (*Id.* at ¶¶ 10, 12). These were also attached as exhibits. (Case No. 5:12-cv-312, DE 1-2, DE 1-3). Trustgard alleges that Crowe's claims are barred by one or more of the applicable provisions of the policy and has included these provisions in the petition. (Case No. 5:12-cv-312, DE 1 at ¶¶ 7-8, 17). Specifically, Trustgard alleges that it believes Crowe's home was destroyed by arson, and that material misrepresentations were made regarding the claims for fire loss and theft loss occurring at this home. (*Id.* at ¶ 15-16). Viewed in the light most favorable to Trustgard, the facts alleged are sufficient to make out Trustgard's claim. In other words, the claim for declaratory relief is plausible.

Crowe also has argued that Trustgard failed to comply with the requirements of Federal Rule of Civil Procedure 9(b), which requires that parties "alleging fraud … must state with particularity the circumstances constituting fraud." Rule 9(b) is to be considered with other pleading standards, including Rule 8's requirement that allegations be as plain, concise, and direct as is reasonable under circumstances. Beyond meeting the plausibility standard for a motion to dismiss, a fraud claim must meet the special pleading requirements of Rule 9(b).

3

*Minger v. Green,* 239 F.3d 793, 800 (6th Cir. 2001). To satisfy Rule 9(b), a complaint of fraud, "at a minimum, must allege the time, place, and content of the alleged misrepresentation on which [the plaintiff] relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc. (Bledsoe I),* 342 F.3d 634, 643 (6th Cir. 2003) (internal quotation marks and citations omitted)).

While Trustgard has not brought a separate claim for fraud, it has alleged misrepresentations by Crowe. Trustgard, however, has alleged the circumstances of constituting these misrepresentations. As noted above, the petition incorporates Crowe's sworn and dated statements and describes the subsequent Trustgard investigation and eventual denial of claims based, in part, on those statements. These descriptions are brief, but they satisfy Rule 9(b), which seeks "to provide defendants with notice of the specific conduct with which they were charged, so that the defendants can prepare responsive pleadings." *U.S. ex rel. Marlar v. BWXT Y-12, L.L.C.*, 525 F.3d 439, 445 (6th Cir. 2008) (internal quotation marks and citation omitted). Here, Crowe clearly can respond to the allegations of misrepresentation Trustgard has raised about the claims filed regarding fire and theft loss.

Finally, in the alternative, Crowe has moved for a more definite statement under Rule 12(e). Trustgard's petition is readily distinguished from pleadings requiring this relief. *See, e.g. Terrell v. Tecsec, Inc.*, No. 06-310, 2007 WL 2670047, at \*8 (E.D. Ky. Sept. 7, 2007). ("[A] motion for more definite statement is designed to strike at unintelligibility rather than simple want of detail.... [It] must be denied where the subject complaint is not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill any possible gaps in detail.") Because Trustgard's petition contains sufficient factual support, accepted as true, to state a plausible claim, it neither warrants dismissal nor the need for a more definite statement.

4

**III. Conclusion**

Accordingly, IT IS HEREBY ORDERED that Lisa Crowe's Motion to Dismiss or For a More Definite Statement (Case No. 5:12-cv-312, DE 5; Case No. 5:12-cv-240, DE 30) is DENIED.

This 21st day of May, 2013.

Signed By:
*Karen K. Caldwell*
United States District Judge