UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| LISA CROWE, | CIVIL ACTION NO. 5:12-CV-240-KKC |
|       Plaintiff, | |
| V. | MEMORANDUM OPINION AND ORDER |
| TRUSTGARD INSURANCE COMPANY, | |
|       Defendant. | |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on a motion for summary judgment brought by defendant Trustgard Insurance Company. (DE 198). Trustgard contends that the evidence in the record demonstrates that plaintiff Lisa Crowe voided her homeowner's insurance policy by making material misrepresentations and false statements, and therefore, Trustgard is entitled to judgment as a matter of law. For the following reasons, defendant's motion will be denied.

**I. Facts**

Trustgard Insurance Company ("Trustgard") issued a homeowner's insurance policy to Lisa Crowe to cover her structural and personal property located in Montgomery County, Kentucky. (DE 198-1). Ms. Crowe was arrested in December 2009, and she remained continuously incarcerated until September 2011. (DE 198-3). In October 2010, while imprisoned, she renewed her homeowner's insurance policy with Trustgard. (DE 198-1 Certified Policy at 2.) Approximately eight months later on June 29, 2011, Ms. Crowe's residence and its contents were completely destroyed by fire. (DE 198-7). Then, six weeks

later on August 10, 2011, Ms. Crowe's mother, Jo Ann Lawson, reported an alleged theft from Ms. Crowe's barn. (DE 198-9).

Ms. Crowe initially completed a Proof of Loss statement for the fire loss on July 8, 2011, while she was still incarcerated. (DE 198-10). However, she failed to total the contents of her inventory loss sheets, and Trustgard rejected the Proof of Loss form as incomplete because it did not include an amount claimed. (DE 200-2 Trustgard Letter to Crowe and Lawson Oct. 10, 2011.) Following her release from prison in September 2011, Ms. Crowe submitted completed Proof of Loss statements with separate personal property inventory sheets for both the fire loss and the theft loss. (DE 198-11; 198-13; 200-8; 200-27). Ms. Crowe claimed $1,115,292.64 in the fire loss, including the value of her home and more than $400,000.00 in personal property. (DE 200-8 Proof of Loss – Property Fire.) Regarding the theft loss from the barn, Ms. Crowe claimed $31,550.00 in personal property. (DE 200-27 Proof of Loss – Property Theft.)

Trustgard subsequently investigated both the fire loss and the theft loss and conducted Ms. Crowe's examination under oath. In a letter dated June 7, 2012, Trustgard denied both claims after determining that Ms. Crowe "concealed and made misrepresentations of material facts to Trustgard regarding the extent and value of [her] claimed loss to contents . . . [and that] Trustgard's investigation has revealed evidence to support the conclusion that someone, with [Ms. Crowe's] knowledge and at [her] direction, intentionally caused the fire loss[.]" (DE 200-15 Trustgard Letter to Crowe June 7, 2012 at 1.)

Plaintiff filed this suit in Montgomery Circuit Court alleging breach of contract, common law and statutory bad faith, and violations of consumer protection law for both the fire loss and the theft loss. (DE 1-1). Trustgard removed the action to this Court, and

thereafter filed a Petition for Declaration of Rights, seeking a determination from the Court regarding any breach of contract. The Court consolidated plaintiff's claims and the declaratory judgment action. (DE 29). Then, the Court ordered the breach of contract claims bifurcated from the bad faith and consumer protection claims, and held the latter issues in abeyance pending resolution of the underlying contractual claims. (DE 37). Arguing that there is a lack of genuine issue of material fact as to the breach of contract claims, Trustgard has now moved for summary judgment. (DE 198).

## II. Standard of Review

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate where the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating the lack of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 322–25. Once the movant meets this burden, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal quotation marks omitted). Ultimately, the court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

3

In evaluating the evidence, the court draws all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "A mere scintilla of evidence, however, is not enough for the non-moving party to withstand summary judgment." *La Quinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 335 (6th Cir. 2010) (internal quotations omitted).

## III. Discussion

There is no dispute that the homeowner's insurance policy was in force at the time of the fire loss and the theft loss. However, Trustgard contends that the homeowner's insurance policy is void as a matter of law because Ms. Crowe made material misrepresentations and false statements during the investigation of her claims. (DE 198 Mot. for Summ. J. at 6). Under Kentucky law, "an insurance policy is a contract, and insofar as it does not contravene the law any recovery against the insurance company is governed solely by its terms." *State Farm Mut. Ins. Co. v. Fireman's Fund Am. Ins. Co.,* 550 S.W.2d 554, 557 (Ky. 1977). The policy at issue in this matter provides that "[t]he entire policy will be void if, whether before or after a loss, an insured person, has: (a) intentionally concealed or misrepresented any material fact or circumstance; (b) engaged in fraudulent conduct; or (c) made false statements; with regard to this insurance, including procurement of this policy." (DE 198-1 Certified Policy at 39.)

The fraud provision in Ms. Crowe's policy "'is common to most fire insurance policies and is uniformly held valid so that it will defeat a recovery under the contract if false statements in proof of loss were *intentionally* made and disclose a purpose to fraudulently overvalue the property or include non-existent items.'" *Home Ins. Co. v. Hardin*, 528 S.W.2d 723, 725 (Ky. 1975) (emphasis added) (quoting *World Fire & Marine Ins. Co. v. Tapp*, 130 S.W.2d 848, 849–50 (Ky. 1939)). Trustgard acknowledges that intent is a necessary element

4

to void the policy under the material misrepresentations clause but contends that "false statement provisions do not require a finding of intent to establish a violation that voids the policy," citing *Interstate Insurance Group v. Musgrove,* 11 F. App'x 426, 428 (6th Cir. 2001) (unpublished). (DE 204 Reply to Mot. for Summ. J. at 2–3.) As an initial matter, unpublished opinions are not controlling in this Circuit. *See Shuler v. Garrett*, 715 F.3d 185, 187 n.1 (6th Cir. 2013); 6 Cir. R. 32.1 ("Published panel opinions are binding on later panels. A published opinion is overruled only by the court en banc."). Further, the Court has found nothing to suggest that the rule in *Hardin* is no longer in effect. The Court has located only one Sixth Circuit decision citing to *Hardin*, and while it is also unpublished, it cites *Hardin* with approval. *See Aetna Cas. and Sur. Co. v. Ables*, 849 F.2d 1472 (6th Cir. 1988) (unpublished table decision). Moreover, like the policy at issue here, the policy in *Hardin* did not contain an explicit intent requirement in its "false swearing" provision,[1] yet the court stated that a finding of intent was required for a false statement to void the insurance policy. The Court therefore finds that an insured must have intentionally made false statements about the value of property or non-existent items in order for such a statement to void the policy.

Trustgard's investigation produced a bevy of evidence from which it contends Ms. Crowe's material misrepresentations and false statements are clear. (DE 198-4; 198-5; 198-6; 198-8; 198-16; 198-18; 198-22; 198-23; 198-24; 198-25; 198-26; 198-27; 198-28; 198-29;

---

[1] The homeowner's policy at issue in *Hardin* provided as follows:

> Concealment, fraud. This entire policy shall be void if, whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstance, concerning this insurance or the subject thereof, or the interest of the insured therein, *or in the case of any fraud or false swearing by the insured relating thereto*.

*Hardin*, 528 S.W.2d at 724–25 (emphasis added).

5

198-30; 198-31; 198-32; 198-33; 198-34; 198-35; 198-36; 198-37; 198-38; 198-39; 198-40; 198-41; 198-42; 198-43; 198-44; 198-45; 198-46). For example, Trustgard argues that Ms. Crowe made false statements regarding the value of her personal property. (DE 198 Mot. for Summ. J. at 15–18.) While Trustgard's conclusion is based on a reasoned consideration of the facts, it required an assessment of Ms. Crowe's credibility and the circumstantial evidence surrounding the fire loss and the theft loss. For example, Trustgard's conclusion is based on Ms. Crowe's financial condition at the time of the losses. (DE 198 Mot. for Summ. J. at 9, 15.) It is also based on three affidavits of indigence executed by Ms. Crowe in connection with her criminal case wherein she attested that she owned no personal property of significant value. (DE 198 Mot. for Summ. J. at 9–15.) In addition, Trustgard considered Ms. Crowe's varying statements concerning how she calculated the values of the claimed items. (DE 198 Mot. for Summ. J. at 14, 17.)

Although Trustgard was entitled to make these inferences and credibility determinations in deciding whether to approve or deny Ms. Crowe's fire loss and theft loss claims, the Court is not permitted to do so when faced with a motion for summary judgment. *See, e.g., Biegas v. Quickway Carriers, Inc.,* 573 F.3d 365, 374 (6th Cir. 2009) ("In reviewing a summary judgment motion, credibility judgments and weighing of the evidence are prohibited."); *Lenscrafters, Inc. v. Robinson,* 403 F.3d 798, 802 (6th Cir. 2005) ("A court considering a summary judgment motion considers the facts in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of the nonmoving party."). Based on the evidence presented by Trustgard, the Court cannot say that intentional fraud is the *only* reasonable explanation for the circumstances. It is for a jury to determine whether Ms. Crowe intentionally made material misrepresentations or false

statements with regard to the insurance, and therefore, summary judgment is inappropriate.

## IV. Conclusion

Accordingly, for the reasons stated above, the Court **HEREBY ORDERS** that defendant Trustgard's motion for summary judgment (DE 198) is **DENIED**.

Dated February 10, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY